**UNITED STATES DISTRICT COURT**
**RECEIVED**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
2018 FEB 15 P 12: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FELICIA PINKNEY-OLIVER, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SITEL OPERATING CORPORATION, a Delaware corporation<br><br>Defendant. | CIVIL CLASS ACTION:<br><br>CASE NO. 2:18-CV-112-MHT-CSC<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
**BRADLEY/GROMBACHER, LLP**
2815 Townsgate Rd., Suite 130
Westlake Village, CA 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
**PENDING PRO HAC VICE**

E. Kirk Wood, AL State Bar No. 2937-W55E
**WOOD LAW FIRM, LLC**
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: 205-612-0243
Facsimile: 866-747-3905
ekirkwood1@cs.com

**CLASS ACTION COMPLAINT FOR: (1) Failure to Pay All Wages and Overtime Compensation in Violation of the Fair Labor Standards Act ("FLSA"); and (2) Breach of Contract**

All allegations in this Collective Action Complaint ("Complaint") are based upon

1

information and belief, except for those allegations which pertain to the Plaintiff named herein and her counsel. Plaintiff FELICIA PINKNEY-OLIVER's information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiff and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Plaintiff FELICIA PINKNEY-OLIVER ("Plaintiff" or "OLIVER"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. The FLSA Claim Class Period is three (3) years from the time of filing this class action to the date judgment s rendered herein.

2. The Breach of Contract ("Alabama Class") Class Period is six (6) years from the time of filing this class action to the date judgment s rendered herein.

3. Plaintiff and the members of the putative class seek relief and damages for Defendant's violation, by way of the above-described conduct, of the Fair Labors Standards Act. Plaintiff and this proposed class alleges that Defendant's payroll practices with respect to its non-exempt employees in Alabama and the United States, caused it to inaccurately calculate the rates used for overtime and straight time.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this class action under 28 U.S.C. §§1331 and 1367(a). Specifically, this action presents claims under the Federal Labor Standards Act ("FLSA"), which form part of the same case or controversy under Article III, section 2 of the U.S. Constitution. Venue is proper in the Middle District of

Alabama because Plaintiff is a resident of this district and the event giving rise to this action occurred in this district.

## THE PARTIES

5. Plaintiff FELICIA PINKNEY-OLIVER is over the age of eighteen and a resident of Montgomery, Alabama.

6. Defendant SITEL OPERATING CORPORATION ("SITEL") is a corporation organized under the laws of the State of Delaware and Defendant does business in Alabama in Montgomery County, Alabama. Defendant conducts business throughout the United States by retaining Customer Service Representatives to work at home through a call center.

7. The members of the proposed class are likewise current and former employees of Defendant, employed by Defendant within the United States during the Class Period as non-exempt employees.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

9. According to sitel.com/our-company/overview, SITEL has 75,100 staff in 146 locations. SITEL is part of the Acticall Sitel Group. They are one of the world's leading outsourcing providers of customer experience management.

10. Plaintiff alleges that she has been employed full-time by Defendant as a Customer Service Representative. Plaintiff worked for Defendant from approximately December 21, 2015 to April 14, 2017. She was paid $10 an hour. Plaintiff worked two

3

different shifts from 7:30 a.m. to 3:30 p.m. and on other days 1:30 p.m. to 11:00 p.m.

11. Plaintiff alleges that Defendant requires Plaintiff and other members of the putative class to log into tools prior to starting their shift, which typically took 8 to 10 minutes a day for which no compensation was paid.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

13. Plaintiff brings this suit as a Collective Action under the Fair Labor and Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") on behalf of the "FLSA Class" defined as:

> **FLSA Class:**
>
> **All persons who were, are, or will be employed by Defendant as a "Customer Service Representative" or likewise job titles in the United States within the applicable limitations period, which is three years preceding the filing of the original Complaint herein plus such additional time as may be provided pursuant to equitable tolling.**

14. Plaintiff alleges that during the FLSA Class Period, she and members of the class are and were:

   a. Individuals who resided in the United States of America;

   b. Were employed as "non-exempt" employees for Defendant in the United States within the three years preceding the filing of the complaint herein;

   c. Worked more than 40 hours in any given week;

4

    d.   Did not receive all overtime compensation for all hours worked over 40 hours in any given week;

    e.   Did not receive reimbursement for expenses that were paid for the primary benefit of the named Defendant;

    f.   Worked regular hours for which they received no pay whatsoever;

    g.   Are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

    h.   Have signed a consent to sue that shall have been filed in this Court.

15.    All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendant is required to maintain by law, including but not limited to employee time clock reports and payroll records.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

16.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

17.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to Federal Rule of Civil Procedure Rule 23. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

**Alabama Sub-Class:**

All employees who were or are employed by Defendant during the Class Period in Alabama as "non-exempt employees" between the time of filing this class action to the date of judgment in this action. As used in this class definition, the term "non-exempt employee" refers to those who Defendant has classified as non-exempt.

(collectively "Putative Class" or "Class Members")

18. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

19. Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

   a. Whether Defendant breached its contracts with Plaintiff and members of the proposed class by failing to pay them their agreed upon hourly wage; and

   b. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

20. The claims of the named Plaintiff are typical of the claims of the members of

the putative class. Plaintiff and other class members sustained losses, injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

21. Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

22. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

23. The various claims asserted in this action are additionally or alternatively

certifiable under the provisions of the Federal Rule of Civil Procedure Rule 23 because:

  a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

  b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES AND OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Against Defendant on behalf of Plaintiff and Proposed Members of the FLSA Class)

24. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

25. The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and overtime compensation. (29 C.F.R. §778.223 and 29 C.F.R. §778.315.) This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to

29 U.S.C. §216.

26. Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendant in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked. To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendant, the collective statute of limitations should be adjusted accordingly.

27. Plaintiff alleges that Defendant requires Plaintiff and other members of the putative class to log into tools prior to starting their shift, which typically took 8 to 10 minutes a day for which no compensation was paid.

28. This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendant to reimburse the named Plaintiff and the FLSA Plaintiff Class for certain transportation expenses that the named Plaintiff and the FLSA Plaintiff Class seek to represent paid when those expenses were primarily for the benefit of the named Defendant.

29. Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

    a. Whether Defendant's policies and practices failed to accurately record all hours worked by Plaintiff and other collective employees;

    b. Whether Defendant failed to adequately compensate collective

9

    employees for expenses incurred for the direct benefit of Defendant as required by the FLSA;

  c. Whether Defendant's policies and practices were to write down the time worked by Plaintiff and collective employees;

  d. Whether Defendant failed to include all remuneration in calculating the appropriate rates overtime and straight time;

  e. Whether Defendant should be enjoined from continuing the practices which violate the FLSA; and

  f. Whether Defendant is liable to the collective employees.

30. The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

31. Plaintiff and collective employees are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendant's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

32. Defendant is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning

10

of 29 U.S.C. §203(b).

33. 29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA. The conduct by Defendant which violated the FLSA was willful.

34. Plaintiff and collective employees regularly worked in excess of forty (40) hours in a workweek. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and the collective employees are entitled to compensation for all hours actually worked, and are also entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.

35. Plaintiff and collective employees were all paid to Defendant on an hourly basis for the hours worked up to forty (40) in a workweek, but Plaintiff and collective employees worked more than forty (40) hours per workweek, and were not paid compensation for all hours worked, including overtime hours.

36. For the purposes of the Fair Labor Standards Act, the employment practices of Defendant were and are uniform throughout Alabama and the United States in all respects material to the claims asserted in this Complaint.

37. Defendant violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

38. As a result of Defendant's failure to pay overtime compensation for hours worked, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial.

39. Plaintiff, therefore, demands that she and collective employees be paid overtime compensation as required by the FLSA for every hour of overtime in any

workweek for which she was not compensated, compensation for meal and rest periods, compensation for miscalculation of overtime and straight time, plus liquidated damages, interest and statutory costs as provided by law.

40.     As a result of the willful actions of the named Defendant in reckless disregard of the rights of the named Plaintiff and the FLSA Plaintiff Class, Plaintiff and the members of the FLSA Plaintiff Class have suffered damages.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### (Against Defendant on behalf of Plaintiff and Members of the Alabama Class)

41.     During times relevant, Plaintiffs and the members of the Plaintiff Class entered into contracts with Defendant whereby each employee agreed to perform services as part of his/her employment by Defendant and Defendant agreed to compensate him/her for all such services based upon specified hourly rates of pay (hereinafter "the Contracts").

42.     Defendant breached and violated the Contracts by failing to pay Plaintiffs and the members of the Plaintiff Class for time worked.

43.     Prior to Defendant's breach and violation of the Contracts, Plaintiffs and the members of the Plaintiff Class performed his/her duties under the Contracts.

44.     As a direct result of Defendant's violations and breaches of the Contracts, as aforesaid, Plaintiffs and the members of the Plaintiff Class have been damaged.

45.     Plaintiffs and the members of the Plaintiff Class are entitled to damages equal to all unpaid wages due within six (6) years preceding the filing of this Complaint plus

periods of equitable tolling which are not recoverable under the FLSA.

46. Plaintiffs and the members of the Plaintiff Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, and on behalf of the members of the putative class, prays for judgment against Defendant as follows:

1. For an order certifying the proposed class;

2. For nominal damages;

3. For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendant, and accounting;

4. For penalties as permitted by the FLSA, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, for penalties permitted;

5. For interest as permitted by statute;

6. For costs of suit and expenses incurred herein as permitted by statute;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7. For attorney's fees as permitted by statute; and

8. For all such other and further relief that the Court may deem just and proper.

DATED: February 12, 2018              **WOOD LAW FIRM, LLC**

By: *[signature]*
E. Kirk Wood, AL State Bar No. 2937-W55E
WOOD LAW FIRM, LLC
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: 205-612-0243
Facsimile: 866-747-3905
Email: ekirkwood1@cs.com

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: February 12, 2018              **WOOD LAW FIRM, LLC**

By: *[signature]*
E. Kirk Wood, AL State Bar No. 2937-W55E
WOOD LAW FIRM, LLC
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Telephone: 205-612-0243
Facsimile: 866-747-3905
Email: ekirkwood1@cs.com